UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK J. BRANCH and BRANCH ENTERPRISES, LLC, )<br>    *Plaintiffs*, )<br>)<br>*vs.* )<br>)<br>ANTHONY O. WEBSTER, REHAB, BOULDER CHEVROLET-BUICK, INC. and BOB HAHN, )<br>    *Defendants.* ) | 1:13-cv-01863-JMS-DKL |

### ORDER TO FILE AMENDED COMPLAINT

On November 22, 2013, Plaintiffs Mark J. Branch and Branch Enterprises, LLC ("Branch Enterprises") filed a Complaint against various defendants, alleging that this Court has diversity jurisdiction over its action. [Dkt. 1 at 1, ¶ 2.] Mr. Branch and Branch Enterprises allege that "the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00," [*id.*], but there are several deficiencies with their jurisdictional allegations.

First, Plaintiffs' allegations regarding the citizenships of Defendants Anthony Webster and Bob Hahn are inadequate. Plaintiffs allege that Mr. Webster and Mr. Hahn are domiciliaries of Illinois based upon information and belief. [*Id.* at 2, ¶¶ 9, 12.] However, jurisdictional allegations must be made on personal knowledge. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (emphasizing that only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship").

Second, a corporation is deemed a citizen of any state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). For the corporate par-

- 2 -

ties here – Branch Enterprises and Defendants Rehab and Boulder Chevrolet-Buick, Inc. ("BCB") – Plaintiffs have only alleged their states of incorporation and where they "do business." [Dkt. 1 at 2, ¶¶ 6, 10, 11.] They must also allege each corporation's principal place of business, which is determined by applying the "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010).

Third, Plaintiffs allege that "the amount in controversy exceeds $75,000.00," [dkt. 1 at 1, ¶ 2], but the amount in controversy must exceed $75,000 "exclusive of interest and costs," 28 U.S.C. § 1332. The Court also cautions that although a plaintiff may aggregate the amounts against defendants to satisfy the amount in controversy requirement if the defendants are jointly liable, a plaintiff must satisfy the amount in controversy requirement against *each* individual defendant if the defendants are severally liable. *LM Ins. Corp. v. Spaulding Enters.*, 533 F.3d 542, 548 (7th Cir. 2008).

For these reasons, the Court **ORDERS** Plaintiffs to conduct whatever inquiry they believe to be necessary to sufficiently make their jurisdictional allegations on personal knowledge, and to file an Amended Complaint by **December 20, 2013**. Defendants need not answer the Complaint, [dkt. 1], and each Defendant's time to answer will run from when it is served with Plaintiffs' Amended Complaint.

12/09/2013

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**